UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELISSA D.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5236 RSM

**ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income Benefits. Plaintiff contends the ALJ erred by rejecting Plaintiff's symptom testimony, rejecting the opinions of Brian Nelson, D.O., and failing to account for Plaintiff's fibromyalgia in the residual functional capacity ("RFC") assessment. Pl. Op. Br. (Dkt. 22), p. 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 43 years old, has a tenth grade education, and has no past relevant work. *See* Admin. Record ("AR") 30–31, 45, 103. On April 26, 2017, Plaintiff applied for benefits, alleging disability as of February 1, 2011. AR 103–04. Plaintiff's applications were denied initially and on reconsideration. AR 102–32. After the ALJ conducted a hearing on October 22,

2018, the ALJ issued a decision finding Plaintiff not disabled. AR 17–32, 37–73. In relevant part, the ALJ found Plaintiff had severe impairments of fibromyalgia, sciatica, periodic limb movement disorder, posttraumatic stress disorder ("PTSD"), insomnia, thoracic/lumbar strain, and obesity. AR 20. The ALJ found Plaintiff had the RFC to perform light work, with additional exertional, postural, and environmental limitations. AR 23. The ALJ found Plaintiff had cognitive, social, and adaptive limitations. AR 23–24. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. AR 1–3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Plaintiff's Symptom Testimony

Plaintiff argues the ALJ erred in rejecting her symptom testimony.[1] Pl. Op. Br., pp. 3–7.

---

[1] Plaintiff inexplicably contends the ALJ failed to give "germane" reasons for rejecting Plaintiff's symptom testimony. Pl. Op. Br., p. 3. An ALJ is required to meet a higher standard than this, and counsel risks prejudicing his own client by suggesting a lower standard.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

Plaintiff testified she has limited mobility due to fibromyalgia and overall pain. *See* AR 50, 232. She testified she can stand for about 15 to 20 minutes with mild pain, and five minutes with severe pain. *Id.* She testified she uses an electric cart to get around when she goes to the grocery store. AR 51. She testified she could sit for about 20 minutes at a time. AR 52. She testified she needs to recline for about five hours in an average day. AR 53. Plaintiff testified she could lift about five pounds without severe pain. AR 55. She testified she has bad days with her pain once or twice a week where she cannot get out of bed. AR 56. She reported she could walk for about 16 blocks before needing to stop and rest. AR 237.

Plaintiff testified she has anxiety, which increases in severity when she is around a lot of people, sometimes to the point where she will black out. *See* AR 51, 63, 238. She testified her depression and anxiety increase her pain and make it difficult to concentrate. AR 59–60. She testified her depression causes her to socially isolate at times. AR 61, 64.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity "by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The ALJ failed to meet this standard.

The ALJ first erred in finding Plaintiff's testimony was inconsistent with the medical record. *See* AR 26–27. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But the ALJ must explain how the medical evidence contradicts the claimant's testimony. *See*

1   *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The ALJ failed to do that here.

2   With respect to Plaintiff's physical symptoms, the ALJ did not identify specific medical
3   evidence contradicting Plaintiff's testimony.  The ALJ noted "objective imaging of the
4   claimant's back does show some level of degeneration, but this would not cause the degree of
5   limitation discussed at the hearing."  AR 27.  There is no evidentiary support for this conclusion,
6   as no medical expert made such a finding, and the ALJ is not qualified to make such an
7   interpretation of the medical data.  *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)
8   (recognizing that an ALJ is "not qualified as a medical expert"); *Trevizo v. Berryhill*, 871 F.3d
9   664, 676–77 (9th Cir. 2017); *See also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)
10  (*cited with approval in Hoffman v. Screen Actors Guild–Producers Pension Plan*, 571 F. App'x
11  588, 591 (9th Cir. 2014) [ALJs] must be careful not to succumb to the temptation to play
12  doctor. . . . The medical expertise of the Social Security Administration is reflected in
13  regulations; it is not the birthright of the lawyers who apply them.  Common sense can mislead;
14  lay intuitions about medical phenomena are often wrong.") (internal citations omitted).  The ALJ
15  did not cite to any other relevant medical evidence and explain how it contradicted Plaintiff's
16  physical symptom testimony.  *See* AR 25–27.

17  With respect to Plaintiff's mental health symptoms, the ALJ also failed to identify
18  medical evidence contradicting Plaintiff's actual testimony.  The ALJ pointed to a record
19  indicating Plaintiff's PTSD was fairly controlled by counseling and medications.  *See* AR 26,
20  817.  But Plaintiff's testimony went beyond PTSD; it also included anxiety in social situations.
21  *See* AR 51, 63, 238.  The ALJ did not identify any medical evidence contradicting Plaintiff's
22  claims of anxiety.  Moreover, "'[t]here can be a great distance between a patient who responds to
23  treatment and one who is able to enter the workforce.'"  *Garrison*, 759 F.3d at 1017 n.23

1  ((quoting *Scott v. Astrue*, 647 F.3d 734, 739–40 (7th Cir. 2011)).  The ALJ did not identify or
2  discuss any evidence showing the extent to which Plaintiff's symptoms were controlled, so her
3  finding lacked substantial evidentiary support.  The ALJ therefore erred rejecting Plaintiff's
4  symptom testimony as inconsistent with the medical evidence.

5        The ALJ next erred in rejecting Plaintiff's testimony as inconsistent with her daily
6  activities.  *See* AR 27.  An ALJ may reject a plaintiff's symptom testimony based on her daily
7  activities if they contradict her testimony or "meet the threshold for transferable work skills."
8  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th
9  Cir. 1989)).  The ALJ found Plaintiff's physical symptom testimony inconsistent with her reports
10 that she could do dishes, help with laundry, cook, clean, and do yard work.  AR 27.  But Plaintiff
11 testified she had to take breaks while doing these activities, and testified there was no yard work
12 to be done at her residence.  AR 43.  These basic activities of a normal life are insufficient to
13 reject Plaintiff's physical symptom testimony.  *See Reddick v. Chater*, 157 F.3d 715, 722 (9th
14 Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in
15 the face of their limitations."); *see also Fair*, 885 F.2d at 603 ("Many home activities are not
16 easily transferable to . . . the more grueling environment of the workplace, where it might be
17 impossible to periodically rest or take medication.").

18       The ALJ further erred in rejecting Plaintiff's social anxiety testimony as inconsistent with
19 the fact that she used public transportation.  *See* AR 27.  Plaintiff reported taking the bus caused
20 increased anxiety.  AR 722.  Furthermore, the record does not support the ALJ's statement that
21 Plaintiff "prefers public transportation to driving."  AR 27.  Rather, Plaintiff testified she could
22 not drive because of problems with her feet.  AR 44.  Plaintiff's use of public transportation did
23 not provide a sufficient evidentiary basis for the ALJ to reject Plaintiff's testimony regarding the

severity of her mental health symptoms.

The ALJ's last reason for rejecting Plaintiff's symptom testimony—her poor work history—is an insufficient reason on its own to support rejecting Plaintiff's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding "one weak reason," even if supported by substantial evidence, "is insufficient to meet the 'specific, clear and convincing' standard" for rejecting a claimant's testimony). The ALJ therefore erred in rejecting Plaintiff's testimony regarding the severity of her symptoms.

### 2. Dr. Nelson's Opinions

Plaintiff argues the ALJ failed to give adequate reasons for rejecting Dr. Nelson's opinions. Pl. Op. Br., pp. 7–10. Dr. Nelson was one of Plaintiff's primary care providers. *See* AR 769–86, 817–37, 848–78, 881–902, 913–23. Dr. Nelson completed a questionnaire from Plaintiff's counsel regarding Plaintiff's limitations. AR 738–39. Dr. Nelson agreed Plaintiff had been diagnosed with fibromyalgia and chronic fatigue syndrome, which interfered with her daily activities. AR 738. Dr. Nelson opined Plaintiff could be expected to experience pain or fatigue severe enough to interfere with her attention, concentration, and persistence for about 20 minutes in a typical hour. AR 738–39. Dr. Nelson opined Plaintiff could stand/walk for about two hours, sit for two to four hours, and would need to recline for less than two hours in an eight-hour workday. AR 739. Dr. Nelson opined Plaintiff would be absent from work three more days per month due to her impairments. *Id.*

The ALJ found Dr. Nelson's opinions "not persuasive." AR 30. The ALJ determined Dr. Nelson relied too heavily on Plaintiff's subjective symptom reports because "[t]here is no basis given for his opinions [in the questionnaire] or in Dr. Nelson's contemporaneous treatment notes to support such severe restrictions." *Id.* The ALJ further noted there were inconsistencies

between Dr. Nelson's treatment notes and his opinions as to Plaintiff's limitations. *Id.*

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured. *See* Def. Resp. Br. (Dkt. 23), pp. 5–7. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Commissioner's argument is twofold. First, the Commissioner argues the new regulations eliminated a hierarchy among medical opinions, superseding any priority the Ninth Circuit's current standards were based upon. Second, the Commissioner argues the new regulations no longer require an ALJ to reject an opinion at all, but instead require an ALJ to merely state how persuasive he or she found an opinion.

The clear and convincing standard for rejecting uncontradicted opinions has its origins in general administrative law. In *White Glove Building Maintenance, Inc. v. Brennan*, 518 F.2d 1271 (9th Cir. 1975), the Ninth Circuit held an administrative factfinder erred in rejecting uncontradicted testimony "without a detailed explanation of his reasons for so rejecting." *Id.* at 1276. A few months later, the Ninth Circuit applied this holding more specifically to the uncontradicted opinions of two doctors in a Social Security disability case, holding an ALJ must "expressly state clear and convincing reasons" for rejecting such opinions. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (citing *White Glove Bldg. Maint.*, 518 F.2d 1271; *Hassler v. Weinberger*, 502 F.2d 172, 178 (7th Cir. 1974)). The Ninth Circuit continues to cite this standard, although it has not had the opportunity to do so in a case where the Commissioner's new regulations apply. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

The genesis of the "specific and legitimate" standard for contradicted opinions was the

1 Ninth Circuit's decision in *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983).  In *Murray*, the ALJ
2 rejected the opinions of a treating doctor in favor of the opinions of an examining doctor.  *See id.*
3 at 501.  The Ninth Circuit reviewed precedent from other circuits and determined an ALJ must
4 ordinarily give more weight to the opinions of a treating doctor because that doctor is
5 "'employed to cure'" the claimant and has a "'greater opportunity to observe and know the
6 patient as an individual.'"  *Id.* at 502 (quoting *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir.
7 1983)).  Thus, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she
8 must make findings setting forth specific, legitimate reasons for doing so that are based on
9 substantial evidence in the record."  *Murray*, 799 F.2d at 502.  The Ninth Circuit made no
10 reference to regulations promulgated by the Social Security Administration regarding treatment
11 of medical opinions in reaching its conclusion.  *See id.*
12     In 1991, the Commissioner promulgated regulations setting forth standards for reviewing
13 medical regulations. 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991).  Those
14 regulations established a hierarchy mirroring the one set out by the Ninth Circuit, in which
15 treating sources are given more weight than non-treating sources, and examining sources are
16 given more weight than non-examining sources.  *See id.* at *36935–36; 20 C.F.R. §§
17 404.1527(c), 416.927(c).  The Ninth Circuit mentioned these regulations in its 1995 opinion in
18 *Lester*, and continued to rely on the "clear and convincing" and "specific and legitimate"
19 standards.  *See Lester*, 81 F.3d at 830–31.
20     In 2017, the Commissioner revised its regulations to eliminate the hierarchy of medical
21 opinions.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg.
22 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Under the new regulations, for claims filed on or
23 after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  The Commissioner's new regulations still require the ALJ to explain his or her reasoning, and to specifically address how he or she considered the supportability and consistency of the opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

The Ninth Circuit has not yet considered whether the 2017 regulations will cause it to reevaluate the standards set forth in *Day* and *Murray* for review of medical opinions.  This Court is bound by precedent of the Ninth Circuit and may not overrule a decision from that court. *See In re Albert-Sheridan*, 960 F.3d 1188, 1192–93 (9th Cir. 2020); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001); *see also Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 455 (2015) ("Overruling precedent is never a small matter.").  The history of the "clear and convincing" standard indicates it will not likely be altered by the new regulations, as it was based on evidentiary principles in administrative law, and not on a hierarchy of opinions.  *See Day*, 522 F.2d at 1156; *White Glove Bldg. Maint.*, 518 F.2d at 1276.

The new regulations also do not clearly supersede the "specific and legitimate" standard. That standard is not an articulation of how ALJs must weigh or evaluate opinions, but rather a standard by which the court evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence.  Whatever factors the Commissioner considers in evaluating a medical opinion, he must explain his reasoning to allow for meaningful judicial review, and the Ninth Circuit's "specific and legitimate" standard is merely a benchmark against which the Court evaluates that reasoning.

The Commissioner next argues the standards from *Murray* no longer apply because ALJs "ha[ve] no obligation to accept, reject, or even give any specific evidentiary weight to a medical opinion," but must articulate only how "persuasive" the opinion is. Def. Resp. Br., p. 7.  This

argument lacks merit. If an ALJ finds an opinion "unpersuasive," and does not account for it in a claimant's RFC, the ALJ has rejected that opinion. Even under the Commissioner's new regulations, the ALJ must articulate why she has rejected the opinion. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

Turning to Dr. Nelson's opinions, the ALJ erred in rejecting those opinions for relying too heavily on Plaintiff's subjective reports. As discussed above, the ALJ erred in rejecting Plaintiff's testimony. The ALJ therefore lacked a substantial evidentiary basis for rejecting Dr. Nelson's opinions because of their reliance on Plaintiff's statements.

The ALJ further erred in rejecting Dr. Nelson's opinions as lacking support in his treatment notes. An ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion. *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). The ALJ did not discuss in detail Dr. Nelson's treatment notes, so her finding that those notes do not support Dr. Nelson's opinions is a conclusory statement. As such, the ALJ erred in rejecting Dr. Nelson's opinions on that basis.

The ALJ similarly erred in rejecting Dr. Nelson's opinions as inconsistent with his treatment notes. The only support the ALJ gave for this point was to state that "Dr. Nelson reports that [Plaintiff's] symptoms are fairly well controlled." AR 30. The ALJ did not identify where Dr. Nelson made this report, and which symptoms he was referring to. *See id.* Moreover, as explained above, a positive response to treatment does not necessarily mean one can work. *See Garrison*, 759 F.3d at 1017 n.23. The ALJ's analysis was vague and conclusory, depriving her reasoning of substantial evidentiary support. The ALJ consequently erred in rejecting Dr. Nelson's opinions.

//

### 3. Plaintiff's Fibromyalgia Symptoms

Plaintiff argues the ALJ failed to adequately account for Plaintiff's fibromyalgia in the RFC assessment. Pl. Op. Br., pp. 2–3. The Court does not reach this issue because the ALJ erred in rejecting Plaintiff's symptom testimony and Dr. Nelson's opinions. As a result, the ALJ's RFC as currently formulated lacks substantial evidentiary support. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 (9th Cir. 2007) (holding ALJ's RFC assessment and step five determination were not supported by substantial evidence where RFC and hypotheticals to vocational expert failed to include all of the claimant's impairments). The ALJ must reassess the RFC on remand, at which point she can reassess the extent to which Plaintiff's fibromyalgia causes limitations that must be included in the RFC.

### 4. Scope of Remand

Plaintiff asks the Court to remand this matter for an award of benefits, but does not make any substantive argument in support of this request. *See* Pl. Op. Br., p. 10. Plaintiff has not shown "rare circumstances" exist that justify departing from the ordinary rule of remand for further proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). The Court therefore remands this matter for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's symptom testimony and Dr. Nelson's opinions. The ALJ shall reassess Plaintiff's RFC, considering the extent to which additional limitations are necessary due to Plaintiff's fibromyalgia. The ALJ shall reevaluate all relevant steps of the disability evaluation process, and conduct further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS -
11

case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12